***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STANLEY S. STEPNEY, | : : : | Civil Action No. 20-2476 (SDW) |
| Petitioner, | : : | |
| v. | : : | **OPINION** |
| WILLIAM ANDERSON, et al., | : : | |
| Respondents. | : : : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Stanley S. Stepney's petition for a writ of habeas corpus challenging his state criminal pre-trial detention. (ECF No. 1). As Petitioner has now paid the five dollar filing fee applicable to habeas petitions, this court is now required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice and deny Petitioner a certificate of appealability.

**I.  BACKGROUND**

Petitioner, Stanley S. Stepney, is a pretrial detainee currently detained at the Essex County Correctional Facility on charges fraud and forgery charges arising out of his alleged attempts to purchase several properties at sheriff's sales using false mortgage "bonds." (ECF No. 1 at 100-05, 142-47). In his current habeas petition, Petitioner, who is apparently some species of

sovereign citizen, argues that he should be released from his pre-trial detention for various reasons including that he believes he did nothing wrong, that he is not the same person as the "artificial person" defendant in his criminal cases as that "artificial person's" name appears differently than the idiosyncratic way in which Petitioner writes his own name, and that Petitioner believes the state courts lack jurisdiction over him because he does not believe the Untied States or the State of New Jersey are proper governments holding power over him. (*Id.* at 2-5). Petitioner also asserts that he is in danger because of vague "medical maltreatment" and because of his dissatisfaction with "religious approved vegan diet laced with nutritional abuse" he is served at the jail, as well as because of undefined "cruel and unusual punishments by [the] administration of the facility." (*Id.* at 5-6). Petitioner claims that this litany of claims has been "exhausted" because he "posted BOND filed with the Clerk of Superior Courts [of New Jersey] on July 11, 2018[,] and On September 5, 2018." Petitioner does not claim, however, that he appealed or otherwise challenged his confinement order before the Appellate Division of New Jersey Supreme Court.

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule

1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

Petitioner is a pre-trial detainee seeking to challenge his ongoing criminal proceedings and continued pre-trial detention based on his assertion that the state courts, and indeed, the State of New Jersey itself, lack jurisdiction over him. Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in *Moore* therefore held that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district

3

court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court.  *Id.*

In this matter, Petitioner remains in pre-trial detention and it is clear that he has, at best, raised his claims only in the trial level Superior Court – he does not allege that he has raised his claims before the Appellate Division or New Jersey Supreme Court.  His habeas claims are therefore unexhausted, and this petition presents little more than an attempt by Petitioner to prematurely present his jurisdictional challenges to his criminal charges in this Court before his state court proceedings have concluded.  As Petitioner has presented no truly extraordinary circumstance warranting pre-trial habeas jurisdiction, and as his habeas claims are not properly exhausted, his habeas petition must be dismissed without prejudice.  *Id.*

In addition to his habeas claims, Petitioner also alleges several vague conditions of confinement claims regarding his medical treatment, the food he is served, and his belief that he has been subjected to unspecified improper punishment at the jail in which he is detained.  Petitioner acknowledges, however, that these vaguely alleged claims arise pursuant to 42 U.S.C. § 1983.  (*See* ECF No. 1 at 11).  Absent truly extraordinary circumstances, however, a § 1983 conditions of confinement claim may not be raised in a habeas petition, and must instead be brought in a separate civil rights action.  *See, e.g., Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  Petitioner's medical, punishment, and "dietary abuse" claims are therefore dismissed without prejudice to Petitioner raising them in a separate civil rights action.

**III.   CERTIFICATE OF APPEALABILITY**

Although appeals from petitions brought pursuant to 28 U.S.C. § 2241 by federal prisoners do not require a certificate of appealability, *see, e.g., Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006), because Petitioner is a state pre-trial detainee, he is required to obtain a certificate of appealability to the extent that he wishes to challenge this Court's dismissal of his petition as his habeas petition challenges his detention which "arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008).   In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

5

## IV. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) will be dismissed without prejudice and Petitioner will be denied a certificate of appealability. An appropriate order follows.


Dated: April 29, 2020                               *s/ Susan D. Wigenton*
                                                                                 Hon. Susan D. Wigenton,
                                                                                 United States District Judge